BINNEY, (CHESAPEAKE & O. CANAL CO. v.) See Case No. 2,645.

BINNEY, (HECKSCHER v.) See Case No. 6,316.

BINNEY, (UNION PAPER-BAG MACH. CO. v.) See Case No. 14,387.

BINNEY, (UNITED STATES BANK v.) See Case No. 16,791.

## Case No. 1,422.

### In re BINNS.

[4 Ben. 152.][1]

District Court, S. D. New York. May, 1870.

BANKRUPTCY—FRAUDULENT TRANSFER — PETITION TO MODIFY INJUNCTION—PLEADING.

Certain creditors of a bankrupt obtained judgment against him by default. On that judgment execution was issued and a levy made. A petition in bankruptcy was then filed and an injunction granted, staying the sheriff's proceedings. The creditors applied by petition for a vacation or modification of the injunction, so as to allow the sheriff to sell enough of the property to satisfy the execution: *Held*, that the transfer worked by the legal proceedings was, under section 35 of the bankruptcy act, [March 2, 1867; 14 Stat. 534,] prima facie evidence of fraud; that the creditors must rebut this but that their petition was bad, as it did not negative the circumstances which section 35 declares make the transfer void.

In bankruptcy. This was a petition by James T. Burns and Daniel H. Watson, judgment creditors of [Leonidas Binns] the bankrupt, praying for the vacation or modification of an injunction restraining the sheriff of the city and county of New York, and all other persons, from selling, incumbering, assigning, disposing of, or in any way whatever interfering with, the property of the bankrupt. [Denied.]

The petition set forth, that on December 8th, 1869, an action was commenced, in the marine court of the city of New York, by the petitioners against the bankrupt, for goods sold and delivered, and that, on December 22d, 1869, judgment was entered therein by default for $205.73, and an execution issued and a levy made on certain millinery goods belonging to the bankrupt; that, on December 28th, 1869, a petition in bankruptcy was filed against the bankrupt, and the injunction now sought to be modified was issued and served upon the sheriff; that said action was instituted adversely to said defendant, and was brought on a debt justly due, and said judgment was obtained without fraud or collusion; and that the property levied upon was perishable, and unless sold immediately would greatly deteriorate in value. The prayer of the petition was, that the injunction might be vacated or modified, so as to permit said sheriff to sell enough of the property to satisfy the execution, or for such other or further relief as might be proper. The matter was referred to the register, to take proof of the truth of the matters alleged in the petition, and, on the coming in of the register's report, was brought to a hearing.

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

B. F. Watson, for petitioners.
William B. Nassau, for assignee.

BLATCHFORD, District Judge. The transfer worked by the legal proceedings was, under section 35, prima facie evidence of fraud, not being made in the usual and ordinary course of business of the debtor. The creditor must rebut this. But his present petition is bad. It should negative the circumstances which section 35 declares make the transfer void. The prayer of the petition is denied.